**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4791

JAMES ALVIS MANGUM, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-96-18)

Submitted: May 29, 1997

Decided: June 18, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian M. Aus, Durham, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Alvis Mangum, Jr., appeals from his conviction and sentence imposed for bank robbery in violation of 18 U.S.C. § 2113 (1994). We affirm.

Mangum's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising two possible issues for appeal: (1) that the Government failed to provide potentially exculpatory evidence; and (2) that there was insufficient evidence to support the verdict against Mangum. Mangum has filed a pro se brief criticizing his attorney's performance, raising another sufficiency of the evidence challenge, and arguing that enhancing his sentence under United States Sentencing Commission, Guidelines Manual§ 2B3.1(b)(1) (Nov. 1995) for robbery of a financial institution constitutes impermissible double counting given that he was convicted of bank robbery under § 2113.

Reviewing these claims in turn, we note first that Mangum's attorney concedes that the exculpatory evidence at issue was provided to the defense, and that the defense chose not to use this information at trial given its potential to inculpate, as well as exculpate Mangum. Accordingly, we find no error. Turning to the sufficiency arguments, our review of the evidence presented at trial, when viewed in the light most favorable to the Government, reveals that the conviction is supported by substantial evidence. See Glasser v. United States, 315 U.S. 60, 80 (1942) (providing standard). Finally, addressing Mangum's claim of double counting, we note that USSG § 2B3.1 applies to all robberies and that only through the application of an enhancement under § 2B3.1(b)(1) is the conduct of robbing a financial institution taken into account. We therefore find no double counting.

As required by Anders, we have independently reviewed the record and conclude that there are no nonfrivolous grounds for appeal. Accordingly, we affirm Mangum's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

2

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3